

## Eastern District

Plaintiff: Terrance D. Prude.
-vs-                    Case No. _____
Defendants: Candice Dixon, & John Kind.

## Civil Complaint Via 42 U.S.C. 1983

## Exhaustion Of Remedies

(1) I, Terrance Prude, exhausted all administrative remedies. See Exhibit #5.

## Parties

(2) <u>Plaintiff:</u> I, Terrance D. Prude, am the plaintiff in this case and I am incarcerated at Green Bay Correctional Institution ("GBCI") at P.O. Box 19033 Green Bay, WI 54307.

(3) <u>Defendants:</u> Correctional Officer ("C.O.") Candice Dixon was at all relevant times employed at GBCI as a C.O. and acted under color of state law when my rights were violated. Ms. Dixon is being sued in her Individual Capacity only. John Kind is also sued in his individual capacity & at all times was employed at GBCI ("color of state law").

② 

## Cause Of Action

(4) I, Terrance D. Prude, bring forth both the following claims:

  (i) Eigth Amendment violation under the United States Constitution for failure to protect Prude from attack by prisoner; and

  (ii) State law negligent claim where defendant Dixon failed to perform mandatory ministerial duties imposed by law. to report the threat to my safety.

(5) I ask that this court take jurisdiction("supplemental jurisdiction"), under 28 U.S.C. 1367(a), over my state law claim because the state law claims are the same factual allegations that form the basis of my federal claims. Both claims are hereby sought to be allowed to proceed on here in the Eastern District Court of Wisconsin.

③

## Statement Of Facts On 8th Amendment Federal Claim
### - Dixon -

(6) Between the month's December of 2022 and January of 2023 C.O. Dixon came to me and told me that she was aware of a "credible and corroborated threat to stab [me]".

(7) I asked Dixon the name of the person who was supposed to be stabbing me and she told me the inmate name ▇▇ ▇▇ is T.H..[1]

(8) Dixon told me she would notify[1A] the Security Director John Kind of this threat to stab me.

(9) Between the month's of December of 2022 and March ▇▇ of 2023 nobody from the GBCI's security office came to speak with me about this threat to my safety.

(10) On ▇▇ March 11, 2023, I was stabbed in the

---

[1] This inmates name will be filed under seal.
[1A] This duty to report was mandatory under policy. See Paragraphs 15 and 19 below. Also policy attached (Exhibit #1).

④

neck by the inmate that C.O. Dixon told me was plotting to stab me. I was taken off grounds to the local hospital for surgery to have the weapon removed from my neck.

(11) When I returned back to GBCI from the hospital I spoke with security staff members including John Kind and they asked me a bunch of questions I did not have answers to. I asked if C.O. Dixon reported to them that she was aware of the "credible and corroborated threat to stab me" and that it would be T.H. the one to stab me?

(12) All security staff told me the following:

    (i) C.O. Dixon never made any reports to any security staff about the threat to stab me verbally or written; and

    (ii) C.O. Dixon was fired from GBCI as a result of investigations.

(13) I'm not sure if C.O. Dixon was fired due to the failure to report the threat to my safety or from her misconduct related to some other investigation associated

⑤

with a separate prisoner. Security staff refused to tell me exactly why C.O. Dixon was fired.

(14) C.O. Dixon's failure to report (or respond at all) to the threat to my safety when even she viewed the threat as being "credible and corroborated" made her actions deliberately indifferent to a serious threat to my safety.

Statement Of Facts For
State Law Neglient Ministerial
Mandatory Duty Claim

(15) <u>DAI Policy 300.00.71 II, A. 1.-2.</u> states:

> "Staff who becomes aware of any serious incidents or circumstances that may result in special interest shall gather the necessary facts and report the incident immediately to their immediate supervisor. ... If the immediate supervisor is not available, they shall follow the sequence established by each facility and/or office."

(16) C.O. Dixon did not follow this "ministerial duty" to report the threat to my safety that she viewed as "credible and



corroborated". It's apparent that Dixon did "gather the necessary facts" in order for her to say that the threat to my safety was "credible and corroborated".

(17) This duty to report was not discretionary.[a] The policy used the mandatory language "shall" in relation to her obligation to "report the incident immediately". Dixon did not draft a written report nor did she make an oral report to anyone about the "credible and corroborated" threat.

(18) As a result, Dixon's failure to perform a "ministerial duty" (to report) caused the stabbing that I suffered above at par 10. The security office staff was deprived of the knowledge of the "credible and corroborated" threat.

(19) The policy specifically list "inmate on inmate assaults" as one of the "serious incidents" to be "reported immediately". See DAI Policy 300.00.71 I.A.2.f..

---

[a] See par 15 above. Also, see Santiago v. Ware, 205 Wis. 2d 295, 339, 556 N.W. 2d 356, 373 (1996)(Court describing difference between a "discretionary act" and a "ministerial act").

## 8th Amendment Claim: John Kind

(19A) Prior to the incidents alleged above at par 6-19, John Kind had been notified by T.H. that there existed a problem between me and him (that I wasn't aware of).

(19B) T.H. submitted two keep separate requests to Mr. Kind requesting to be kept separated from me claiming he feared for his safety. Each request was denied.

(19C) Mr. Kind never contacted me in an attempt to verify T.H.'s allegations of "bad blood" with me. T.H.'s two requests to be kept separate were submitted to Mr. Kind in the year 2020 and 2021.

(19D) In the year 2023 during the month of February, I was housed in the North Cell Hall ("NCH") when security supervisor Mr. Cummings told me he was directed by Mr. Kind to move me to the South Cell Hall ("SCH"). Mr. Cummings told me he "don't like the political bullshit involved behind why I'm ordered to move you. Just watch yourself when you move to the [SCH]." I asked "what exactly is the political bullshit that's prompting John Kind to move me and how is moving me to the south accomplishing that political bullshit?" and Mr. Cummings stated "I can't get off into it but just be alert".

(19E) Fast forward to the month of April of 2023, I saw

⑧

Mr. Kind in the school hallway and stated "is my safety a concern to you?" and Mr. Kind stated "every person housed at GBCI safety is my concern." and I said "Well, can you please tell me why you directed Cummings to move me from the North to the South closer to [T.H.] while knowing that a risk of violence existed seeing T.H. sent you two separate requests to be kept separated from me?" and Mr. Kind stated "Mr. Prude I know you were stabbed by [T.H.] and I anticipated a small conflict but I never anticipated you being stabbed. I was only trying to test Mr. [T.H.'s] allegations that you and him were in conflict."

(19F) Mr. Kind stated "When Dixon was still working here she never reported to me the allegations you made in your inmate complaint regarding the threats to stab you. Had she told me that information I would have moved you back to the North for your safety."

(19G) Although Mr. Kind was not aware of the threat to stab me, his remarks prove that he was aware of the risk that "a small conflict" would take place and he disregarded that risk because he wanted to "test Mr. [T.H.'s] allegations that [me] and [T.H.] were in conflict." This is deliberate indifference.

## Relief Requested

(20) I request $50,000 in compensatory damages rooted from the physical injury I suffered as a result of her failure to follow her ministerial duties.

(21) I seek $10,000 for emotional and mental damage as a result of the stabbing which is rooted from Dixon's failure to follow her ministerial duties.

(22) I seek an additional $50,000 in compensatory damages rooted from ~~both defendants~~ violating my federal constitutional rights under the 8th Amendment because of the physical injuries I suffered along with the emotional and mental injuries I suffered.

(23) I seek punitive damages because ~~defendants~~ recklessly disregard the risk to my safety and I have evidence which proves that she was actually complicit in my stabbing by ensuring it was not reported. I ask for $25,000 in punitive damages.

(24) I request a declaratory judgment that declares that ~~defendants~~ violated my 8th Amendment rights and



that Dixon did violate her ministerial duties. I also request an injunction to expunge any disciplinary reports/punishments and a transfer to a different prison away from Mr. Kind.

## Jury Demand

(25) I request a jury trial in this case, on both my state law[3] and federal law claims.

Terrance Prude
Signature: *Terrance D. Prude*
Date: 7-17-2023

---

[3] I also filed a notice of claim as required under Wis. Stat. 893.82 for state law claims. See Exhibits #2 - #4. The state law claim is only against Dixon, not Kind.