IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,

    Plaintiff,

v.                          Case No. 23C1233

CANDACE DIXON,

    Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Candace Dixon, through undersigned Counsel, answers Plaintiff's Complaint as follows:

### EXHAUSTION OF REMEDIES

1. Defendant ALLEGES that Plaintiff's assertions of exhaustion of administrative remedies sets forth a legal conclusion to which no response is required, to the extent that a response is required, Defendant DENIES.

### PARTIES

2. Defendant ADMITS that Plaintiff is currently incarcerated by the Wisconsin Department of Corrections and was housed at Green Bay Correctional Institution at times relevant to the complaint; ALLEGES that Plaintiff is currently housed at the Wisconsin Secure Program Facility in Boscobel, Wisconsin.

3. Defendant Candace Dixon ADMITS to being an employee of the Department of Corrections at Green Bay Correctional Institution as a Correctional

Officer at times relevant to the Complaint; ALLEGES she left State Service in January 2023; DENIES that she violated any of Plaintiff's constitutional rights. Defendant DENIES and ALLEGES that pursuant to the Opinion and Order entered by District Judge William E. Duffin on November 8, 2023, Plaintiff was not allowed to proceed on any claims against John Kind.

## CAUSE OF ACTION

4. Defendant AFFIRMATIVELY ALLEGES that Plaintiff's assertions set forth legal conclusions and therefore DENIES the same.

5. Defendant ADMITS jurisdiction is proper in this case, subject to State Defendant's claim of sovereign immunity as detailed below.

## STATEMENT OF FACTS

6-8. Defendant DENIES.

9. Defendant ALLEGES that she lacks sufficient knowledge or information regarding the allegation contained therein, therefore DENIES.

10. Defendant ALLEGES that she lacks sufficient knowledge or information regarding Plaintiff's allegation of being stabbed or any information as to treatment he received as a result of an alleged stabbing as this information would be contained within his medical record and Defendant does not yet have signed medical authorization, therefore DENIES. FURTHER DENIES having any conversation with Plaintiff related to any plot for another inmate to stab Plaintiff.

11. Defendant ALLEGES that she lacks sufficient knowledge or information regarding the allegation contained therein, therefore DENIES.

12. Defendant ALLEGES that she lacks sufficient knowledge or information regarding the allegation contained therein, therefore DENIES.

13. Defendant ALLEGES that this does not contain a factual allegation with which to respond. To the extent that a response is required, Defendant DENIES.

14. Defendant DENIES.

## STATEMENT OF FACTS FOR STATE LAW NEGLIGENT MINISTERIAL MANDATORY DUTY CLAIM

15. Defendant ALLEGES that this does not contain a factual allegation with which to respond. To the extent that a response is required, Defendant ADMITS only to what is expressly written in DAI Policy 300.00.71.

16-18. DENIES and ALLEGES that pursuant to the Opinion and Order entered by District Judge William E. Duffin on November 8, 2023, Plaintiff was not allowed to proceed on any state law claims.

19. Defendant ALLEGES that this does not contain a factual allegation with which to respond. To the extent that a response is required, Defendant ADMITS only to what is expressly written in DAI Policy 300.00.71.

## 8TH AMENDMENT CLAIM: JOHN KIND

19A-G. Defendant DENIES and ALLEGES that pursuant to the Opinion and Order entered by District Judge William E. Duffin on November 8, 2023, Plaintiff was not allowed to proceed on any claims against John Kind.

## RELIEF REQUESTED

20-24. Defendant DENIES that Plaintiff is entitled to any relief requested herein. FURTHER DENIES any of Plaintiff's rights were violated.

## JURY DEMAND

25. Defendant joins in Plaintiff's demand for a trial by Jury.

## OTHER

Defendant DENIES all allegations not expressly admitted to above.

## AFFIRMATIVE DEFENSES

1. All or portions of Plaintiff's Complaint must be dismissed to the extent that Plaintiff failed to exhaust administrative remedies.

2. To the extent that Defendant is named in her personal capacities, all or portions of Plaintiff's Complaint must be dismissed pursuant to the doctrine of qualified immunity.

3. To the extent that Defendant is named in her official capacities, all or portions of Plaintiff's Complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

4. This action is subject to the requirements, provisions, terms, conditions, and limitations of 42 U.S.C. § 1997e.

5. Any damages sustained by Plaintiff were caused by intervening or superseding causes over which the Defendant had no control, including but not limited to acts or omissions of Plaintiff himself.

6. All or portions of Plaintiff's complaint must be dismissed to the extent that Plaintiff failed to mitigate damages.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint on the merits with prejudice, and for such other relief as the Court deems just and proper, including an award of Defendant's reasonable attorney fees and expenses.

Dated: January 4, 2024

    Respectfully submitted,

    JOSHUA L. KAUL
    Attorney General of Wisconsin

    Electronically signed by:

    s/ Jonathon Davies
    JONATHON M. DAVIES
    Assistant Attorney General
    State Bar #1102663

    SAMIR S. JABER
    Assistant Attorney General
    State Bar #1076522

    Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-8125 (Davies)
(608) 267-2229 (Jaber)
(608) 294-2907 (Fax)
daviesjm@doj.state.wi.us
jaberss@doj.state.wi.us