IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,

    Plaintiff,

v.                                             Case No. 23C1233

CANDACE DIXON,

    Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL (DKT. 18)**

    Inmate-Plaintiff Terrance Prude has moved to compel production of Defendant Candace Dixon's investigation file with the Department of Corrections. However, the investigation documents are irrelevant to Prude's underlying Eighth Amendment claim. Prude argues that the investigation documents are relevant, but the reasons he gives relate only to inadmissible propensity evidence or, at most, to credibility. The Court should therefore deny the motion to compel. In the alternative, the Court should review the investigation documents *in camera* in for security reasons.

## Background

    Prude alleges that in December 2022 or January 2023, Correctional Officer Dixon told Prude of a threat by another inmate, "T.H.," to stab him. (Dkt. 7:4.) He alleges that Dixon knew of the threat but did not report it. (Dkt. 7:4.) Finally, he alleges that T.H. stabbed him on March 11, 2023, injuring him. (Dkt. 7:4.) Based on

these allegations, the Court allowed Prude to proceed on one Eighth Amendment failure-to-protect claim against Dixon. (Dkt. 7:5.)

Prude served discovery on the Eighth Amendment claim. Relevant here, he asked Dixon to produce any investigative documents regarding the end of her employment with the Department. (Dkt. 18-1:4, 8.) Defendants objected that any investigation documents were irrelevant, not proportional, and confidential for security reasons. (Dkt. 18-1:4, 8.) Prude now moves to compel production. (Dkt. 18.)

## Legal Standard

This district has previously set out the standards governing motions to compel:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When determining whether discovery is appropriate, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*
>
> For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D.Ind.2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard.

*Wine v. Johnston*, No. CV 14-C-1276, 2016 WL 3189219, at *2 (E.D. Wis. June 7, 2016). At the same time, courts need not compel production of irrelevant, inadmissible evidence. *See generally Gevas v. McLaughlin,* 798 F.3d 475, 487 (7th Cir. 2015).

## Argument

Here, the investigation documents are irrelevant to Prude's underlying Eighth Amendment claim. From Prude's allegations, his Eighth Amendment claim turns on the factual questions of (1) whether Dixon knew of an "excessive risk" to his safety (i.e. that T.H. would stab him), and (2) whether she disregarded that risk. (Dkt. 7:5 (citing *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).) Defendant represents that an investigation file was created around the time that Dixon ended her employment with the Department. However, Defendant has repeatedly explained to Prude that the investigation did not involve "allegations that [] Dixon was aware of a threat by [T.H.] to stab or assault Plaintiff." (Dkt. 18-1:8.) Defendant will also represent that the investigation documents do not involve allegations that Dixon failed to protect any other inmate, which is the crux of Prude's claim. Because the investigation documents have no tendency to show that Dixon failed to protect Prude in this case, they are irrelevant. *See* Fed. R. Evid. 401 ("Evidence is relevant if [] it has any tendency to make a fact more or less probable … and [] the fact is of consequence in determining the action."). And, because they are irrelevant, Prude is not entitled to them in discovery. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim….").

Prude argues that the investigation documents are relevant, but the reasons he gives relate only to inadmissible propensity evidence or, at most, to credibility. Specifically, Prude says that he needs the investigation documents to show that Dixon had "an inappropriate/unlawful relationship with another inmate (or even,

presumably, [T.H.]…). (Dkt. 18:6.) Generally, though, "Rule 404(b) [of the Federal Rules of Evidence] prohibits the admission of evidence of other crimes, wrongs, or acts for the purpose of proving a person's character or propensity to behave in a certain way…." *United States v. Gomez*, 763 F.3d 845, 852 (7th Cir. 2014). Following this rule, courts need not compel production of propensity evidence, such as evidence that prison guards committed previous bad acts unrelated to the issue in dispute. *Gevas*, 798 F.3d at 487. Evidence that Dixon had "an inappropriate/unlawful relationship with another inmate" is immaterial to the question of whether Dixon knew that T.H. would stab Prude. As such, the only use Prude could make of such evidence would be to argue that Dixon engaged in previous, unrelated bad acts of the sort made inadmissible by Rule 404, or to harass and embarrass Dixon in the manner proscribed by Rule 403 and Federal Rule of Civil Procedure 26. The Court should therefore decline to compel propensity evidence of Dixon's relationship with another inmate. *See id*.

Prude argues that evidence of Dixon's relationship with another inmate is relevant to establishing opportunity and intent. (Dkt. 18:6-7.) Particularly, he argues that it shows she had "the 'opportunity' to have an inappropriate/unlawful relationship with inmate(s)" and had "'intent' to put at risk the security and safety of the prison…." (Dkt. 18:6.) However, Prude's pleadings and other filings have not placed Dixon's purported relationship with another inmate at issue. While "opportunity" evidence might be relevant if this case revolved around Dixon's ability to have a relationship with an inmate, her opportunity to do so is irrelevant to the

4

question of whether she failed to protect Prude from being stabbed by T.H.—which is all Prude alleges in this case. Further, Prude's contention that evidence of an inappropriate relationship shows an intent to risk prison security smacks of inadmissible propensity evidence. In effect, his theory is that because Dixon may have once violated security measures by having a relationship with an inmate, she probably did so again by failing to protect him from T.H. This is just the sort of propensity evidence that rule 404 seeks to avoid. *See Gomez*, 763 F.3d at 852.

Prude also argues that he might use the investigation documents to impeach Dixon's credibility. (Dkt. 18:6-7.) Assuming *arguendo* that the investigation documents show that Dixon lied to investigators about her relationship with another inmate, Prude does not explain why that has any bearing on whether she failed to protect him from T.H. Again, Prude's theory leans towards inadmissible propensity evidence, that is, if Dixon lied once before, she is probably doing so now. At the very least, such credibility determinations are irrelevant at summary judgment. The Court should therefore deny the motion to compel and, if it deems necessary, revisit Prude's credibility theory if the case survives to trial.

In the alternative, the Court should review the investigation documents *in camera* for security reasons. Dixon's investigation documents are confidential and contain sensitive information concerning her, institution processes, and other inmates. Particularly, the investigation documents may reveal institution procedures regarding staff investigations, which inmates may use to manipulate staff or institution procedures in future. Filing one civil complaint on the limited issue of

Dixon's failure to protect him does not entitle Prude to free-standing discovery on all matters of institution security procedures. If the Court prefers not to deny the motion to compel outright, it should account for these security concerns by reviewing the investigation documents *in camera* before turning them over to Prude. *See Gevas*, 798 F.3d at 486 (recommending *in camera* review under similar circumstances).

## Conclusion

For the reasons stated above, the Court should deny the motion to compel (dkt. 18).

Dated: May 20, 2024.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Jonathon Davies
JONATHON M. DAVIES
Assistant Attorney General
State Bar #1102663

SAMIR S. JABER
Assistant Attorney General
State Bar #1076522

Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-8125 (Davies)
(608) 267-2229 (Jaber)
(608) 294-2907 (Fax)
daviesjm@doj.state.wi.us
jaberss@doj.state.wi.us