# Eastern District Court

Plaintiff: Terrance Prude,

-vs-

Defendant: Candice Dixon.

Case No. 23-CV-1233

## Plaintiff Terrance Prude's Memorandum Of Law In Support Of Motion For Summary Judgment

This Memorandum is pursuant to <u>Civil Local Rule 7(a)(1)</u> in support of my motion for summary judgment. I hereby present the following argument & evidence:

### Summary Judgment Standards

(1) Rightfully, "[s]ummary [j]udgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." See <u>Weaver v. Champion Petfoods USA Inc.</u>, 3 F.4th 927, 938 (7th Cir. 2021). Credibility determinations/material disputes are to be resolved by a jury, not a judge. See <u>Berry v. Chicago Transit Authority</u>, 618 F.3d 688, 691 (7th Cir. 2010)

## 8th Amendment Deliberate Indifference Standards

(2) Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners". <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994)(internal quotations omitted). An inmate can prevail on a claim that a prison official failed to protect him if the official showed "deliberate indifference"; that is, that the defendant was subjectively aware of and disregarded a "substantial risk of serious harm" to the inmate. <u>Farmer</u>, 511 U.S. at 837. To make a guard subjectively aware of a serious risk of attack, the inmate must communicate a specific and credible danger." See <u>Gidarisingh v. Pollard</u>, 571 Fed. Appx. 467, at 470 (7th Cir. 2014). If prison officials are aware of a serious threat "and do nothing, that is deliberate indifference." <u>Gidarisingh v. Pollard</u>, Id. at 471.

## Defendant Dixon Was Aware Of Specific & Credible Danger

(3) This case presents a serious case of misconduct where Defendant Dixon was involved with

assisting a prisoner in assaulting me. Specifically, the defendant Dixon approached me saying she was aware of a "credible and corroborated threat to stab you". See Prude's Declaration & Proposed Findings Of Facts (hereafter as "Decl. PFOF"), at par 1. Dixon also told me the name of the inmate who was plotting to stab me. Decl. PFOF, at par 2.

(4) A few days later, Dixon returned to my cell telling me that if I "wanted to avoid that attempt on your life" that my family should "...cash app $2,000..." to her. See Decl. PFOF, at par 3. I refused by telling Dixon "...I'm not paying you or Titus nothing." Decl. PFOF, at par 4. Dixon's reply to my refusal was to tell me "your funeral". Decl. PFOF, at par 4.

(5) I only learned that Dixon told Titus Henderson that I refused to pay the $2,000 extort fee because while being stabbed Titus Henderson stated "this for not paying Dixon." Decl. PFOF, at par 6-7. Although Dixon represented to me, initially, that she would report the threat to the Security Director (Decl. PFOF, at par 8; & Dkt.#1, par 8), I believe this was designed to make me believe there was no need for me to report it because she had it taken care of. It worked, I never reported it. Dkt.#1, page 10, & Decl. PFOF, at par 11. In

fact, Dixon never reported it to the Security Director John Kind as she claimed she did. See Decl. PFOF, at par 9-10. When Dixon[1] returned to my cell the second time, trying to extort me for $2,000, is when I learned that she would have no reason to report the threat to stab me because she was complicit in the plot. Decl. PFOF, at par 3-4, 6-7, 18-24. There can be no doubt in my mind that Dixon was directly & specifically aware of the credible danger to assault me. As such, I believe I've met the "subjective awareness" element of deliberate indifference, See Gidarisingh v. Pollard, Id. at 470, and shown that Dixon disregarded a "substantial risk of serious harm" to my safety by conspiring with the prisoner who stabbed me. Id.. Note: See a immaterial correction in my attached Declaration & Proposed Findings Of Facts Combined (by me), Page 6 of 6 footnote 2.

## The Threat Was Objectively Serious

(6) There can be no real dispute that a credible threat

---

[1] When I filed an inmate complaint against Dixon's failure to report, prison officials told me that Dixon had been fired due to having an inappropriate relationship with inmates where she smuggled in cell phones & drugs for inmates. See Decl. PFOF, at par 5. The names of these staff are Captain Cushing & PSU worker Ms. A. Woolf, & ICE Mr. DeGroot.

to stab me was objectively serious. I was stabbed as a direct result of Dixon's actions and omissions as explained above. See Dkt.#1, par 10; Dkt.#1-1, Page 15-23; & attached Exhibit #2, Page 1-2,5. As such, the defendant Dixon is liable for violating my Eighth Amendment rights (with the help of inmates Henderson and Jamie (nick name "Jamil")).

## Defendant Dixon Is Not Entitled To Any Qualified Immunity Defense

(7) Under the specific facts of this case, any qualified immunity defense invoked by Dixon is absurd and laughable. Dixon was involved in attempting to extort me for $2,000 in order for me to avoid being stabbed by the inmate (or one of the inmates) she was inappropriately involved with. When I refused to pay Dixon she stated "your funeral". See Decl. PFOF, at par 4. In fact, not paying was almost my "funeral". See Dkt.#1-1, Page 23 (Dr. McCarty noted that me being stabbed in my neck "had a high probability of imminent and irreversible damage to life..." and that he "...was concerned about life threatening deterioration of the patient's condition without intervention."). Dixon's conduct was "clearly established" as being unlawful before during and after the conduct. Gidarisingh v. Pollard, Id. at 470-71. As such, Dixon cannot hide behind qualified immunity.

## Conclusion

(8) As a matter of law, I request that this Court **grant** summary judgment in my favor **if** the defendant's responses to my arguments and material facts are **not** material disputes. If the defendant somehow does put forth evidence that create a material dispute, then I respectfully request that this Court allow a jury to be the trier of fact in weighing credibility/evidence. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Kodish v. Oakbrook Terrace Fire Protection Dist., 604 F.3d 490, 505 (7th Cir. 2010). And finally, I ask that this Court deny the defendants qualified immunity defense due to the fact the defendants conduct[a] was "clearly established" as being unlawful. Thank you.

Terrance Prude
*Terrance Prude*
Date: 6/06/2024

---

[a] Small clarification: I learned Jaleel Schultz is not Jamie ("Jamil"). Jamie is an inmate involved with Defendant Dixon and helped with the assault directed by Dixon, not "Jaleel Schultz". I've seen a photo of Jaleel Schultz recently & he is not Jamie ("Jamil").