# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRANCE PRUDE,**

    Plaintiff,

    v.                                    Case No. 23-CV-1233

**CO CANDICE DIXON,**

    Defendant.

## ORDER

On April 29, 2024, *pro se* plaintiff Terrance Prude filed a motion to compel, requesting that the court compel defendant Candice Dixon to give him access to her employee misconduct investigation file. (ECF No. 18.) On May 22, 2024, Prude filed a motion to seal the case its entirety. (ECF No. 20.) On June 7, 2024, Prude filed a motion to withdraw his motion to seal. (ECF No. 25.) The court will grant Prude's motion to withdraw his motion to seal. The remainder of this order resolves his motion to compel.

Prude argues that he needs access to Dixon's investigation file because its contents are relevant to his claim that Dixon failed to protect him from being stabbed by another inmate. (ECF No. 18 at 5.) Specifically, he argues that her investigation file may contain "similar factual allegations . . . including disciplinary records [that] may lead to the discovery of admissible evidence to show motive, intent, absence of

mistake and/or modus operandi." (*Id.*) In short, he argues that the file may show that Dixon purposely allowed the inmate to stab him because she had an inappropriate relationship with the other inmate. (*Id.*)

Dixon objected to these discovery requests, arguing that such information was irrelevant to Prude's claim. (ECF No. 19 at 2.) Dixon represents that the investigation file "was created around the time that Dixon ended her employment with the Department [of Corrections]. However, Defendant has repeatedly explained to Prude that the investigation did not involve 'allegations that Dixon was aware of a threat by [an inmate] to stab or assault Plaintiff.'" (*Id.* at 3.) Dixon also argues that the investigation file has no information that would show she had a reason to allow Prude to be stabbed. At most, the documents would only be relevant to show propensity evidence or to impeach credibility.

Currently, this case is in the discovery phase and Dixon's motion for summary judgment on the merits is due August 9, 2024. To defeat a summary judgment motion should Dixon file one, Prude needs to establish that Dixon knew of and disregarded an excessive risk of safety. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Prude must show that Dixon was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that she drew the inference. *Id.* Taking Dixon's representations at face value (the court has no reason to believe she is lying despite Prude's assertion she is), the investigation file does not contain any information that would allow Prude to establish these facts.

The court will deny Prude's motion to compel without prejudice. If his case survives summary judgment or if Dixon chooses not to file for summary judgment, Prude may renew his motion to compel this information in the event it is relevant at trial.

**IT IS THEREFORE ORDERED** that Prude's motion to withdraw his motion to seal (ECF No. 25) is **GRANTED**. Prude's motion to seal (ECF No. 20) is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that Prude's motion to compel (ECF No. 18) is **DENIED without prejudice.** If Prude's case survives summary judgment or if the defendant does not move for summary judgment, Prude may renew his motion to compel.

Dated in Milwaukee, Wisconsin this 10th day of July, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge