IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,

    Plaintiff,

v.                                                             Case No. 23C1233

CANDACE DIXON,

    Defendant.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant Candace Dixon, by her attorneys, Wisconsin Attorney General Joshua L. Kaul and Assistant Attorneys General Jonathon M. Davies and Samir S. Jaber, and hereby moves the Court, pursuant to Fed. R. Civ. P. 56, for an order of summary judgment dismissing this lawsuit.

The grounds for this motion are set forth in the accompanying Defendant's Brief in Support of Motion for Summary Judgment, Defendant's Proposed Findings of Fact and Declarations.

Plaintiff is notified that this motion is based on Fed. R. Civ. P. 56, a copy of which is attached to this motion. In addition, accompanying this motion is a copy of E.D. Wis. Civ. R. 7 and E.D. Wis. Civ. R. 56.

Plaintiff is further notified that affidavits and any other documents accompanying this motion are incorporated by reference herein. Any factual assertion in the declarations (and other admissible proof) submitted or referred to in support

of the Defendant's motion will be accepted by the judge as true unless you submit affidavits or declarations or other admissible documentary evidence contradicting such assertion. Failure to oppose the Defendant's declarations (or other admissible proof) with your own affidavits or declarations (or other admissible proof) may result in entry of judgment against you.

Dated: August 9, 2024.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

<u>s/ Jonathon Davies</u>
JONATHON M. DAVIES
Assistant Attorney General
State Bar #1102663

SAMIR S. JABER
Assistant Attorney General
State Bar #1076522

Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-8125 (Davies)
(608) 267-2229 (Jaber)
(608) 294-2907 (Fax)
daviesjm@doj.state.wi.us
jaberss@doj.state.wi.us

**Rule 56. Summary Judgment**

**a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) PROCEDURES.**

    **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

    **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    **(1)** defer considering the motion or deny it;

    **(2)** allow time to obtain affidavits or declarations or to take discovery; or

    **(3)** issue any other appropriate order.

**(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    **(1)** give an opportunity to properly support or address the fact;

    **(2)** consider the fact undisputed for purposes of the motion;

    **(3)** grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

**(1)** grant summary judgment for a nonmovant;

**(2)** grant the motion on grounds not raised by a party; or

**(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(Amended December 27, 1946, eff. March 19, 1948; January 21, 1963, eff. July 1, 1963; March 2, 1987, eff. August 1, 1987; April 30, 2007, eff. December 1, 2007; March 26, 2009, eff. December 1, 2009; April 28, 2010, effective December 1, 2010.)

# Civil L. R. 7. Form of Motions and Other Papers

**(a)** **Form of Motion and Moving Party's Supporting Papers.** Every motion must state the statute or rule pursuant to which it is made and, except for those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), must be accompanied by:

   **(1)** a supporting memorandum and, when necessary, affidavits, declarations, or other papers; or

   **(2)** a certificate stating that no memorandum or other supporting paperswill be filed.

**(b)** **Non-Moving Party's Response.** For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), any memorandum and other papers in opposition must be filed within 21 days of service of the motion. Failure to respond to the motion may result in the Court deciding the motion without further input from the parties.

**(c)** **Reply.** For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), the moving party may serve a reply memorandum and other papers within 14 days from service of the response memorandum.

**(d)** **Sanction for Noncompliance.** Failure to comply with the briefing requirements in Civil L. R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion. Sanctions remain available under General L. R. 83(f).

**(e)** **Oral Argument.** The Court will hear oral argument at its discretion.

**(f)** **Length of Memoranda.** Subject to the limitations of Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice) and Civil L. R. 56 (Summary Judgment Motion Practice), the principal memorandum in support of, or in opposition to, any motion must not exceed 30 pages and reply briefs must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block). No memorandum exceeding the page limitations may be filed unless the Court has previously granted leave to file an oversized memorandum.

**(g)** **Modification of Provisions in Particular Cases.** The Court mayprovide by order or other notice to the parties that different or additional provisions regarding motion practice apply.

**(h) Expedited Non-Dispositive Motion Practice.**

**(1)** Parties in civil actions may seek non-dispositive relief by expedited motion. The motion must be designated as a "Civil L. R. 7(h) Expedited Non-Dispositive Motion." The Court may schedule the motion for hearing or may decide the motion without hearing. The Court may designate that the hearing be conducted by telephone conference call. The Court may order an expedited briefing schedule.

**(2)** The motion must contain the material facts, argument, and, if necessary, counsel's certification pursuant to Civil L. R. 37. The motion must not exceed 3 pages excluding any caption and signature block. The movant may not file a separate memorandum with the motion. The movant may file with the motion an affidavit or declaration for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The movant's affidavit or declaration may not exceed 2 pages. The respondent must file a memorandum in opposition to the motion within 7 days of service of the motion, unless otherwise ordered by the Court. The respondent's memorandum must not exceed 3 pages. The respondent may file with its memorandum an affidavit or declaration for purposes of (1) attesting to facts pertinent to the respondent's memorandum and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The respondent's affidavit or declaration may not exceed 2 pages. No reply brief is permitted absent leave of Court.

**(3)** The provisions of subsection (h) do not apply to 42 U.S.C. § 1983 actions brought by incarcerated persons proceeding pro se.

**(i) Leave to file paper.** Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

**(j) Citations.**

**(1)** With the exception of the prohibitions in Seventh Circuit Rule 32.1, this Court does not prohibit the citation of unreported or non-precedential opinions, decisions, orders, judgments, or other written dispositions.

**(2)** If a party cites an unreported opinion, decision, order, judgment or other written disposition, the party must file and serve a copy of that opinion, decision, order, judgment, or other written

disposition.

**(k) Notice of Supplemental Authority.** If pertinent and significant authorities relevant to an issue raised in a pending motion come to a party's attentionafter a party's final brief on the motion has been filed, the party may file a Notice of Supplemental Authority, attaching the new authority, without leave of the court. TheNotice of Supplemental Authority may not contain any argument but may identify the page or section in the filed briefs to which the authority is relevant.

*<u>Committee Comment</u>: The rule expressly allows the Court to expand the page count if needed, but it does not allow the filing of a memorandum longer than permitted by Civil L. R. 7 unless the Court grants leave before the memorandum is filed. See Civil L. R. 7(g) and (i).*

*The rule also makes clear that declarations made in compliance with 28 U.S.C. § 1746 may be used to the same effect as affidavits in supporting motions.*

*Civil L. R. 7(d) allows the Court to take adverse action if the Court construes the party's lack of response as an "intent to abandon suit or as meriting a sanction." Marcure v. Lynn, 992 F.3d 625, 631 (7th Cir. 2021). When the moving party bears the burden of proof, a failure to respond to the motion—standing alone—does not provide sufficient grounds to grant or deny the motion. Id.; see also Robinson v. Waterman, No. 20-1370, 2021 WL 2350875, \*2 (7th Cir. June 9, 2021).*

*Civil L. R. 7(i) is new. The provision addresses the filing of papers, including motions or memoranda, for which leave to file is required. The rule provides that any paper, which may not be filed without the Court's first granting leave to file, must be attached to the motion seeking leave to file that paper. If the Court grants leave to file, the Clerk of Court must then file the paper.*

*Civil L. R. 7(j) addressing "unreported" or non-precedential authorities is also new. The provision clarifies the Court's existing practice of allowing the citation of authorities in addition to those reported in printed national reporters, with the exception of orders whose citation and consideration is prohibited by Seventh Circuit Rule 32.1. Civil L. R. 7(j) additionally requires a party relying on such an authority to file a copy of that authority and serve it on all parties. Notably, with the exception of orders subject to Circuit Rule 32.1, the new provision does not bar the citation of decisions or orders even if a rule would bar the citation of the decision to the court that issued the decision or to any other court. The Court may take limitations on the authority's use before other courts, as well as the "unpublished" or "non-precedential" nature of the authority, into consideration when deciding the weight, if any, to be afforded to the authority.*

*Civil L. R. 7(k) addressing Notice of Supplemental Authority is also new. The Notice of Supplemental Authority should be submitted in the following format: "[Case name and citation], is relevant to [page or section] of [title of brief, ECF No_]." The rule does not contemplate a response by any party absent extraordinary circumstances.*

**Civil L. R. 56. Summary Judgment.**

**(a) Pro Se Litigation.**

**(1)** If a party is proceeding pro se in civil litigation and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

**(A)** The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.

**(B)** In addition to the statement required by Civil L. R. 56(a)(1)(A), the text to Fed. R. Civ. P. 56 (c), (d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 must be part of the motion.

**(2)** This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.

**(b) Additional Summary Judgment Procedures.** Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L. R. 7. In addition, with the exception of Social Security reviews, other actions for review of administrative agency decisions, and other actions in which a judge relieves the parties of this Rule's requirements, the following must be met:

**(1) Moving Party's Principal Materials in Support of Motion**. With each motion for summary judgment, the moving party must file:

**(A)** a memorandum of law;

**(B)** a statement setting forth any material facts to which all parties have stipulated;

**(C)** a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law;

(i) the statement shall consist of short numbered paragraphs, each containing a single material fact, including within each paragraph specific references to the affidavits,

declarations, parts of the record, and other supporting materials relied upon to support the fact described in that paragraph;

(ii) a moving party may not file more than 150 separately numbered statements of fact;

(iii) failure to submit such a statement constitutes grounds for denial of the motion; and

**(D)** any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

**(2) Opposing Party's Materials in Opposition**. Each party opposing a motion for summary judgment must file within 30 days of service of the motion and the materials required by subsection (b)(1), above:

**(A)** a memorandum of law;

**(B)** a concise response to the moving party's statement of facts that must contain:

(i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and

(ii) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately-numbered statements of additional facts. Each separately-numbered paragraph shall be limited to one material fact; and

**(C)** any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

**(3) Moving Party's Materials in Reply.** A moving party may file within 14 days of the service of the opposing party's materials under subsection (b)(2), above:

**(A)** a reply memorandum;

**(B)** a reply to any additional facts submitted by the opposing party pursuant to subsection (b)(2) above, in the form prescribed in section (b)(2)(B)(i) above; and

**(C)** any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c) submitted in reply.

**(4) Effect of Uncontroverted Statements of Fact.** The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.

**(5) Stipulated Facts.** Parties are encouraged to stipulate to facts. Factsso stipulated will not count against any party's allotment of proposed facts anddo not require references to evidentiary support.

**(6) Citations to Facts in Memoranda.** Assertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts, statement of additional facts, or statement of stipulated facts.

**(7) Prior Leave of Court Required to Increase the Number of Statements of Fact or Statements of Additional Fact.** A party may not file any proposed statements of material fact or statements of additional fact in excess of the limit set forth in this rule unless the Court previously has granted leave upon a showing that an increase is warranted.

**(8)** **Length of Memoranda.**

**(A)** A principal memorandum in support of, or opposition to, summary judgment must not exceed 30 pages and a reply memorandummust not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block).

**(B)** No memorandum exceeding the page limitations may be filedunless the Court previously has granted leave to file an oversizedmemorandum.

**(9)** **Sanction for Noncompliance.** Failure to comply with the requirements in this rule may result in sanctions up to and including the Courtdenying or granting the motion. Sanctions remain available under General L.R. 83(f).

**(10)** **Collateral Motions.** Collateral motions, such as motions to strike,are disfavored.

<u>*Committee Comment:*</u> *New Civil L. R. 56 replaces former Civil L. R. 56.1 and*

*56.2. The additional summary judgment procedures have been modified to limit the number of proposed statements of material fact. Moving parties are limited to 150 separately numbered proposed statements of material fact, and non-moving parties are limited to 100 separately numbered proposed statements of additional material facts. Stipulated statements of facts are not counted against any party's allotment anddo not require evidentiary support. The rule expressly provides that the Court may increase the allowed number of proposed material facts upon a showing that anincrease is warranted.*

*Civil L. R. 56(b)(2)(B) anticipates that the parties will respond to each statement of proposed material fact by either: (i) admitting the fact; (ii) denying the fact; or (iii) stating an objection. The preferred practice is to include arguments in support of objections in the memoranda of law and not in the responses to the proposed statements of material fact. The response should not simply incorporate a response toan earlier numbered paragraph.*

*Civil L. R. 56(b)(10) clarifies that collateral motions in the summary judgment process, including motions to strike, are disfavored. Whenever possible all arguments relating to the other party's submissions should be contained in memoranda.*

*Civil L. R. 56, like Civil L. R. 7, also makes clear that declarations made in compliance with 28 U.S.C. § 1746 may be used in the summary judgment process to the same effect as affidavits.*