IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,

    Plaintiff,

v.                              Case No. 23C1233

CANDACE DIXON,

    Defendant.

## DECLARATION OF CANDACE DIXON

I, **CANDACE DIXON**, declare pursuant to 28 U.S.C. § 1746 and under the penalty of perjury, the following is true and correct.

1. I make this declaration based on my own personal knowledge and review of the relevant records kept in the course of the regularly conducted activities of the Wisconsin Department of Corrections (DOC) and Green Bay Correctional Institution. (Green Bay).

2. I was previously employed by DOC as a Correctional Officer at Green Bay from May 24, 2020 to January 5, 2023, when I resigned from state service.

3. As a Correctional Officer, under the general supervision of Supervising Officers 1 or 2, Corrections Unit Supervisor, and direction from the Correctional Sergeant, I was responsible for the security, custody, control, and treatment of inmates at Columbia. I was responsible for communicating institution information

and concerns, maintaining record keeping systems, and maintaining professional interactions with staff, inmates, and the public.

4. Plaintiff Terrance Prude was allowed to proceed on an Eighth Amendment failure to protect claim based on allegations that I was aware of a credible threat to stab Prude but did nothing. (Dkt. 5.)

5. Specifically, Prude alleges that in December 2022 or January 2023, I came to Prude and told him I was aware of a credible threat to stab him by inmate Titus Henderson. He further alleges that I told Prude that if he had his family send me $2,000 via the Cash App account CandiBands or CandiLand, I would make sure he was not assaulted. When Prude refused, he alleges I told him, "Your funeral." (Dkt. 28 ¶¶ 1-4.)

6. Prude alleges that in December 2022, I came and spoke to him while it was still light outside and said, "Be honest about the pictures." Prude alleges that I denied having any photos and I walked away saying I'd be back. (*See generally* Prude Dep. Tr. 64:3-6; 65:13-67:6.)

7. This conversation did not occur.

8. Prude then alleges that either later that before 6:00pm either the same day or the next day, I approached him again and told Prude that if he did not hand over the photos of me or pay for the cost of the photos, that Henderson was going to stab Prude. Prude then alleges that I told Prude that I was going to notify the Security Director about the threat to his safety. (*See generally* Prude Dep. Tr. 67:10-21, 68:9-17, 69:23-70:5; 70:9-19; 71:15-17.)

2

Case 2:23-cv-01233-WED    Filed 08/09/24    Page 2 of 5    Document 35

9. This conversation did not occur.

10. Prude alleges we had a third conversation a few days after the first two conversations around the same time of day (during the daytime). Prude alleges that I handed Prude a piece of paper that had my Cash App name on it and told Prude to have his people send $2,000 to my cash app if he wanted to avoid an assault. He alleges that when he refused, I told him, "Your funeral." (Prude Dep. Tr. 71:22-72:8, 12-19, 73:20-25.)

11. This conversation did not occur.

12. I have never had a Cash App account under the name CandiBands or CandiLand.

13. In December 2022, Prude was housed in the North Cell Hall, cell C73. (Ex. 1000.)

14. In December 2022, I regularly worked on the South Cell Hall from 2:00pm to 6:00am, but sometimes was assigned to work in the lobby, treatment unit, visitation, North Cell Hall, or other areas of the institution as needed.

15. I did not regularly interact with Prude. I regularly worked on the South Cell Hall, while Prude was housed on the North Cell Hall. As such, I only saw Prude in passing and do not recall having any substantive conversations with him.

16. I do not recall ever having a substantive conversation with Prude. At most, I may have occasionally said "hello" or exchanged pleasantries when passing him in the institution. I never discussed photos of myself, Henderson, or threats with Prude.

17. I did not regularly interact with Titus Henderson while I worked at Green Bay. I did not recall who Titus Henderson was until I was notified of this lawsuit and looked up him on the DOC online inmate locator.

18. I was not aware of any threat by Henderson or by any other inmate to harm Prude.

19. I was not having an inappropriate or sexual relationship with Titus Henderson, nor did I provide Henderson with photos of myself.

20. I am not familiar with any inmates by the name Jamil or Jamie.

21. I am familiar with an inmate by the name of Jaleel Schultz.

22. I never gave sexual or pornographic photos of myself to Titus Henderson, or any inmate named "Jamil" or "Jamie."

23. I was not under investigation for having an inappropriate relationship with Titus Henderson.

24. I was not under investigation for bringing drugs and/or cell phones into the institution.

25. I have never brought drugs or cell phones into the institution.

26. I was not fired by DOC.

27. I did resign under investigation into allegations that are unrelated to Henderson or Prude.

28. I was placed on administrative leave on December 30, 2022, and resigned from state service on January 5, 2023.

\\

*Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.*

Executed August 8, 2024.

<u>s/Candace Dixon</u>
**CANDACE DIXON**