Eastern District Court

Plaintiff: Terrance D. Prude,

-vs-    Case #23-CV-1233

Defendant: Candice Dixon.

## Declaration Of Terrance D. Prude

I, Terrance D. Prude, declare under penalty of perjury pursuant to 28 U.S.C. 1746 that to the best of my recollection and based on my personal knowledge that the following is true and correct:

(1) While housed in GBCI I did not submit (or fill out) any request for keep separate against an inmate or staff. This allegation is falsehood.

(2) I did not submit any SPN's against inmates prior to March 2023. I'm aware of the fact inmates has presented SPN's against me that are active. But to claim "Prude had submitted at least five SPNs against inmates other than Henderson, some of which are still active" is outright false and an outright lie. Oddly, defendant redacts Dkt.#34-1 Exhibit# 1002 which would disclosed "who" requested or submitted the SPN request nor do the defendant attach any documentation of the SPN's were,

in fact, submitted by me. All the references to SPN records were not submitted by me. In fact, prison staff on their own (pursuant to other inmates submitting verbal complaints against me) file SPN's in my name.

(3) I mistakenly confused "Jaleel" for "Jamil" merely for two reasons: (1) Dixon has relationships[1] with both prisoners "Jaleel" and "Jamil"; & (2) Both their names rhyme which explains the confusion. No bad faith applies to this mistake.

(4) Each of the 12 different offender separations requests were <u>NOT</u> initiated by me and was, instead, initiated by either prison staff or by inmates. I've <u>NEVER</u> submitted a SPN against staff or inmates my entire 25 years I've been in prison.

(5) I'm aware of one prisoner (Leon Prileau) placing a SPN against me because of a altercation between he and I that took place in 2008.

---

[1] Records created by prison investigators show Dixon has a relationship with another inmate, besides Jaleel, Jamil, and Henderson. This 4th inmate name is identified by prison investigators as Seandell Jackson. See <u>Exhibit #202</u>: Page 3 of 7 and Page 5 of 7

(6) This document (Dkt.#34-1, Exhibit #1002) is my first time being made aware that on eleven occasions eleven different inmates placed SPN's against me.

(7) If I was the one who sought to be kept separated from any prisoner I would simply concede the point because such an admission would not affect or alter the fact Dixon is liable for the assault she authorized against me.

(8) Prior to Dixon (through her attorney) disclosing that someone (i.e. prison staff) filed an SPN against me to keep me separated from Henderson, I assumed Henderson himself was the person who did it[a], not prison officials.

(9) The attached Exhibits #200, #201 and #202 are true and correct records obtained from the prison's open records request laws.

---

[a] I assumed Henderson put in a SPN against me because he, during a police interrogation with Brown County Sheriff Officer O'Connell, stated that he previously submitted 2 SPN's against me (See Dkt.#1-1, Page 18 of 24) prior to

Terrance Prude
*Terrance Prude*
Date: 8-18-2024