IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,

    Plaintiff,

v.                                 Case No. 23C1233

CANDACE DIXON,

    Defendant.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. 32]**

Defendant argued in her principal brief that (1) Prude's failure to alert security to the threat is the proximate cause of his injury; (2) Dixon did not act with deliberate indifference because she alerted Prude to the threat; and (3) Dixon is entitled to qualified immunity. (Dkt. 40:9-15.) Prude's response does nothing to refute Defendant's arguments.[1]

As a preliminary matter, Prude first takes issue with Defendant's recitation of Prude's changing story in this case. (Dkt. 42-1-4.) Notably, Prude does not appear to dispute that his story has changed from his complaint to his motions to his declaration to his motion for summary judgment; rather, he says only that his story changed in reaction to information revealed in discovery. (Dkt. 42:3.) He goes on to

---

[1] Prude concedes that his motion for summary judgment should be denied. (Dkt. 42:4.) This brief will not address that motion further.

accuse Defendant's counsel of being a "novice" who does not understand civil procedure. (Dkt. 42:3.)

The wound to counsel's pride notwithstanding, Prude's explanation for his inconsistencies is ineffective. None of the changes to Prude's story relate to external information—the only evidence he produces is his own testimony, which was equally available to him at all stages of litigation. For example, his changing tales of what Dixon said to him, or of the mysterious "Jamir," could not possibly have been affected by what Prude learned in discovery, since he is the only person purporting to have knowledge of them. Prude's changing story—premised solely on his own testimony—remains relevant background for the Court to consider.[2]

Prude also cites a series of cases which he argues defeats Defendant's motion for summary judgment. (Dkt. 5-15.) However, the cases cited do not help Prude and in fact support Defendant's argument. First, Prude cites *Gidarisingh v. Pollard*, 571 Fed. App'x 467 (7th Cir. 2014) (unpublished), for the proposition that "contributory negligence is not a defense to an allegation of intentional or reckless conduct." (Dkt. 42:5.) Off the bat, *Gidarisingh* is inapposite because it refers to contributory negligence, which is distinct from the doctrines of superseding and proximate cause at issue in this case. Additionally, the facts of *Gidarisingh* betray Prude's cause.

---

[2] More concerningly, Prude's penchant for changing his story seems to have become a habit. The Western District of Wisconsin recently found Prude to have committed fraud on the court, evidenced in part by inconsistencies between "his complaint, [] his summary judgment submissions, [] his appeal, [] his post-remand deposition" and his in-court testimony. *Prude v. Meli*, No. 17-CV-336-SLC, 2024 WL 3858836, at *8 (W.D. Wis. Aug. 19, 2024). The magistrate recommended a federal filing ban for a "sustained pattern of dishonesty" but did not impose one for lack of jurisdiction. *Id.* at *13.

In *Gidarisingh*, the inmate-plaintiff was threatened by another inmate. *Id*. at 468. In response to the threat—and in marked contrast to Prude—the plaintiff wrote to the appropriate prison authorities and "pleaded for 'security to intervene and protect him.'" *Id*. Security did not respond. *Id*. The next day, the plaintiff left his cell to pick up medication, during which time the other inmate attacked him. *Id*. at 468-69. The district court ruled in favor of the defendant on the basis that the plaintiff put himself at risk by voluntarily leaving his cell. *Id*. at 471. The appellate court reversed on the principle that "contributory negligence is not a defense to an allegation of intentional or reckless conduct." *Id*. (quoting *Santiago v. Lane*, 894 F.2d 218, 224 (7th Cir. 1990)).

*Gidarisingh* does not help Prude for at least three reasons. As noted above, it deals with a question of contributory negligence, not causation, and thus is irrelevant to Dixon's argument in this case. Moreover, the plaintiff in *Gidarisingh* submitted the proper written request for protection to the institution, whereas here, Dixon's argument is premised on Prude's failure to alert the institution to the supposed threat against him. To the extent *Gidarisingh* is relevant at all, then, it supports Defendant's argument that Prude's failure to submit *any* request to the institution was unforeseeable. Finally, even if the appellate court in *Gidarisingh* had analyzed the question of causation, the plaintiff's conduct in that case was considerably more natural (and thus foreseeable) than Prude's. The plaintiff in *Gidarisingh* left his cell for a routine medication pickup one day after the threat against him—a perfectly normal occurrence that the defendant-official might have anticipated. Here, in

3

contrast, Prude went over three months (in which time Henderson supposedly threatened him directly) without taking the simple step of telling anyone that he had been threatened—which, in addition to being inexplicable, was unforeseeable. Prude's unforeseeable conduct, unlike the conduct at issue in *Gidarisingh*, is the proximate and superseding cause of his injury.

Although *Gidarisingh* is distinguishable, the line of cases on which it relied provides greater guidance. In *Santiago*, the inmate-plaintiff alleged that he had informed the institution chief of security of a threat against him. 894 F.2d at 220. The security chief did not immediately act on the plaintiff's warning, and the plaintiff was later assaulted. *Id*. The plaintiff brought a failure-to-protect claim, and the district court granted summary judgment to the defendant. *Id*. at 223. Specifically, the district court reasoned that the plaintiff had never requested protective custody, which allowed the attack to occur. *Id*.[3]

On appeal, the Seventh Circuit reversed the district court's grant of summary judgment. *Id*. In doing so, however, the court held merely that a genuine dispute of fact existed as to whether the plaintiff had requested protective custody. *Id*. at 224. The court did not take issue with the district court's reasoning that the plaintiff's failure to request protective custody could defeat his failure-to-protect claim; in fact, by remanding for a trial on the issue, the court implied that if the plaintiff had not requested protective custody as he declared, then his claim would fail. *Id*. Thus,

---

[3] Separately, the district court held that the plaintiff's failure to lock his door contributed to the attack. *Id*. This separate argument was reversed based on the language Prude cites concerning contributory negligence. *Id*. at 224; *see also supra* at 2-3.

Prude's own line of chosen authority supports the argument that a failure to request protective custody—as Prude did here—defeats an Eighth Amendment failure-to-protect claim.

Prude also cites *Pavlick v. Mifflin*, 90 F.3d 205 (7th Cir. 1995), to argue for a different standard between "failure to protect cases" and "co-actor" cases in which a prison official actively encourages an assault. (Dkt. 13-14.) However, the *Pavlick* court held that the deliberate indifference standard (which both Prude and Dixon already set out) applies equally to cases of prison official inaction and action, *id.* at 208-209, so Prude's attempt to distinguish the two categories is a distinction without a difference. Moreover, the Court's screening order allowed Prude to proceed only on an Eighth Amendment failure-to-protect claim; neither the complaint nor screening order contained any suggestion that Dixon deliberately orchestrated the attack. (Dkt. 1, 7.) As well as providing a timely reminder of Prude's continuing inconsistencies, the omission of any claim related to Dixon's supposed active orchestration of the attack in the screening order prevents Prude from initiating such a claim now. *See Werner v. Hamblin*, No. 12-C-0096, 2013 WL 788076, *2 (E.D. Wis. Mar. 1, 2013) (unpublished) ("the screening order limits the scope of [a] case"); *Burnett v. Wall*, 15-cv-488-bbc, 2016 WL 6956664, *1 (W.D. Wis. Nov. 28, 2016) (unpublished) (a "plaintiff cannot raise a claim for the first time in a summary judgment brief").

In sum, the cases Prude cites further bolster Defendant's argument that Prude's failure to alert the institution to the threat is the proximate and superseding cause of his injury. Further, Prude offers no persuasive argument as to why he did

not report the threat, even in February 2023 after Dixon had left the institution and Henderson directly threatened him in the shower. Dixon's action (or inaction) can hardly be the proximate cause of Prude's injury when she left her position over a month before the direct threat and two months before the attack occurred. Instead, the Court should hold that Prude's failure to report the threat in February 2023 was the superseding and proximate cause of his injury.

Dixon is also entitled to qualified immunity for the reasons stated in her principal brief. (Dkt. 40:14-15.)[4]

## Conclusion

For the reasons stated above and in Defendant's principal brief, the Court should deny Prude's motion for summary judgment (dkt. 26), grant summary judgment to Dixon, and dismiss this case with prejudice.

Dated: September 9, 2024.

                                        Respectfully submitted,

                                        JOSHUA L. KAUL
                                        Attorney General of Wisconsin

                                        s/ Jonathon Davies
                                        JONATHON M. DAVIES
                                        Assistant Attorney General
                                        State Bar #1102663

---

[4] As a last issue, Prude disputes that he ever submitted an SPN against another inmate. (Dkt. 42:15-16.) Upon further inquiry, Defendant concedes that the SPNs contained in Defendant's Exhibit 1002 (dkt. 34-1) include SPNs submitted by other inmates seeking protection from Prude, not SPNs submitted by Prude (one was submitted on Prude's behalf after the assault). Defendant misunderstood the printout and regrets the error. However, this does not change the Court's analysis; the SPN history is relevant only insofar as it demonstrated the availability of the SPN process. Prude concedes he was familiar with the process (dkt. 42:15), which is all that matters.

SAMIR S. JABER
Assistant Attorney General
State Bar #1076522

Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-8125 (Davies)
(608) 267-2229 (Jaber)
(608) 294-2907 (Fax)
daviesjm@doj.state.wi.us
jaberss@doj.state.wi.us