# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRANCE PRUDE**,

    Plaintiff,

v.                                               **Case No. 23-CV-1233**

**CO CANDICE DIXON,**

    Defendant.

## ORDER

On September 4, 2024, plaintiff Terrance Prude, who is incarcerated and representing himself, filed a motion to seal the case. (ECF No. 46.) On September 16, 2024, Prude filed a motion for leave to file a sur-reply. (ECF No. 48.) And on September 19, 2024, Prude filed a motion to appoint counsel. (ECF No. 49.) This order resolves those motions.

### MOTION TO SEAL (ECF NO. 46)

Prude asks the court to seal the case because he states he is being threatened by other inmates on the defendant's order for continuing with this litigation. Because the record of the case is intended to be public, Civil Local Rule 79(d)(3) requires that a party demonstrate good cause to seal documents. Prude has not demonstrated good cause. Sealing the case would not prevent the defendant from viewing the filings because she is a party. Also, sealing the case would not alleviate Prude's concern that the other prisoners mentioned in his case could label him a "snitch" because there is a criminal state law case

concerning the inmate assault at the heart of this case. Because Prude has not demonstrated good cause to seal the case, his motion is denied.

## MOTION FOR LEAVE TO FILE A SUR-REPLY (ECF NO. 48)

Prude filed a motion for leave to file a sur-reply in opposition to the defendant's motion for summary judgment. Prude attached his proposed sur-reply to his motion. (ECF No. 48-1.)

Whether to grant a party leave to file a sur-reply brief is a question within the court's discretion. "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Merax-Camacho v. U.S.*, 417 F. App'x 558, 559 (7th Cir. 2011) (citing *Schmidt v. Eagle Waste & Recycling, Inc.,* 599 F.3 626, 631 n. 2 (7th Cir. 2010)). "In some instances, allowing a filing of a surreply 'vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision.'" *Univ. Healthsystem Consortium v. United Health Group, Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (quoting *In re Sulfuric Acid Antitrust Litg.,* 231 F.R.D. 320, 329 (N.D. Ill. 2005)).

Prude asserts that the defendants, in their reply, brought up new arguments. The court has reviewed the substance of Prude's sur-reply and does not find that it unduly prejudices the defendants. Also, the defendants had an opportunity to oppose Prude's motion for leave to file a sur-reply and did not. As such, the court will accept Prude's sur-reply and consider it where appropriate when deciding the defendants' motion for summary judgment on exhaustion grounds.

## MOTION TO APPOINT COUNSEL (ECF NO. 49)

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022). Prude attached evidence that he made a reasonable effort to hire an attorney on his own. (ECF Nos. 49-1; 49-2; 52-1.) He has satisfied the first prong.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate

3

those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

Prude states that he needs a lawyer to help him when the case goes to trial. Currently, there are cross-motions for summary judgment that are fully briefed and awaiting the court's resolution. At this time, there is nothing for the parties to do. Prude's motion to appoint counsel is denied. If Prude's case survives summary judgment, he may refile his motion to appoint counsel.

**IT IS THEREFORE ORDERED** that Prude's motion to seal the case (ECF No. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that Prude's motion for leave to file a sur-reply (ECF No. 48) is **GRANTED**.

**IT IS FURTHER ORDERED** that Prude's motion to appoint counsel (ECF No. 49) is **DENIED without prejudice**.

4

Dated in Milwaukee, Wisconsin this 24th day of October, 2024.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge