IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,

      Plaintiff,

  v.                        Case No. 2023CV01233

CANDACE DIXON,

      Defendant.

## DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant moves to stay discovery pending the resolution of her motion for sanctions. The grounds for the motion are as follows; no other brief will be filed in support of the motion.

1. The discovery cutoff is currently October 1, 2025. No trial date is scheduled. (Dkt. 63.)

2. On July 18, 2025, Defendant moved for sanctions, seeking dismissal of this case. (Dkt. 65.) The motion for sanctions, if granted, would resolve this case in its entirety.

3. The motion for sanctions is currently set for briefing and has not been decided.

4. While the motion for sanctions was pending, Plaintiff served extensive discovery on Defendant and subpoenas on the Department of Corrections.

5. Plaintiff's latest discovery is in addition to discovery that Plaintiff previously served, to which Defendant has already responded and produced hundreds of pages of documents and video.

6. Defendant requests that discovery be stayed until the pending motion for sanctions is resolved.

7. Undersigned counsel has conferred with Plaintiff's counsel concerning a stay of discovery. Plaintiff opposes the stay.[1]

8. The Court should nevertheless stay discovery. The motion for sanctions is based on the Western District's recommendation of a federal filing ban and on Plaintiff's deposition testimony. (Dkt. 65.) The discovery in this case, on the other hand, relates to Defendant's employment records, Department records, and Defendant's deposition. The discovery has no bearing on the pending motion for sanctions.

9. Further, continuing discovery is wasteful of the parties' and the Court's resources. The pending motion for sanctions, if granted, will resolve this case in its entirety. There is no reason for the parties to expend time, resources, or money while this potentially-dispositive motion remains pending. This concern is amplified by the fact that Plaintiff, who is a seasoned and serial litigator, has a history of baseless litigation. (*See* dkt. 65.)

---

[1] The parties have also conferred regarding the scope of certain discovery requests and were unable to resolve all disagreement. However, there would be no need to litigate the issue if discovery were stayed.

10. Plaintiff will not be prejudiced by a stay of discovery. Although Plaintiff opposes this motion, discovery can easily be extended if the motion for sanctions is denied. Nothing suggests that the requested discovery would not be available due to a stay. To the extent necessary, Defendant is happy to stipulate that the discovery cutoff be extended to 30 days after the motion for sanctions is decided, or to a longer extension if Plaintiff believes it necessary.

11. No trial is scheduled. A stay of discovery will not affect any other deadlines in the current schedule. In the event that the motion for sanctions is denied, the Court can simply set a new discovery cutoff and trial date.

Wherefore, Defendant requests that discovery be stayed until the pending motion for sanctions is resolved. In the event that the Court denies the motion for sanctions, Defendant requests that discovery be extended to 30 days after that denial.

Dated: September 11, 2025.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Jonathon Davies
JONATHON M. DAVIES
Assistant Attorney General
State Bar #1102663

SAMIR S. JABER
Assistant Attorney General
State Bar #1076522

Attorneys for Defendant

3

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-8125 (Davies)
(608) 267-2229 (Jaber)
(608) 294-2907 (Fax)
daviesjm@doj.state.wi.us
jaberss@doj.state.wi.us

4