# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRANCE PRUDE**,

    Plaintiff,

v.                                   **Case No. 23-CV-1233**

**CO CANDICE DIXON,**

    Defendant.

## ORDER

On July 18. 2025, defendant Candice Dixon moved for dismissal of this action as a sanction based largely on the finding by Magistrate Judge Stephen L. Crocker of perjury and fraud in Case No. 17-cv-336-slc in the United States District Court for the Western District of Wisconsin. Dixon notes that Judge Crocker found that, because plaintiff Terrance Prude demonstrated a "sustained pattern of dishonesty," dismissal of all of his pending cases in the Western District of Wisconsin and a filing bar would be an appropriate sanction. (ECF No. 65-1 at 31.) Because Judge Crocker's authority over Prude's cases was limited to those wherein Prude had consented to Judge Crocker's jurisdiction, he could not impose a filing bar. (*Id.*) Judge Crocker encouraged the attorney general's office to "seek a litigation bar" from [Chief Judge James Peterson of the Western District]. (ECF No. 65-2 at 1.) As an additional basis for her motion, Dixon asserts that Prude lied during his deposition in the case before this court.

Dixon argues here that Judge Crocker's recommendation should apply to Prude's case in this court and seeks dismissal of this case as a further sanction for his conduct in the case before Judge Crocker and for lying in his deposition.

The Court has the inherent power to sanction a party's misconduct. *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 739 (7th Cir. 2009); *see also* Fed. R. Civ. P. 11(c). "Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Id.* "A litigant's misconduct can justify default judgment . . . and perjury is among the worst kinds of misconduct." *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)).

Perjury is "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Montano v. City of Chicago*, 535 F.3d 558, 564 (7th Cir. 2008) (internal quotation marks and citation omitted). "Perjury committed in the course of legal proceedings is a fraud on the court, and it is arguable that a litigant who defrauds the court should not be permitted to continue to press his case." *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003); *see also Jackson v. Murphy*, 468 F. App'x 616, 620 (7th Cir. 2012) (finding sanction of dismissal was "entirely warranted" where plaintiff perjured himself and forged a critical document to support his case).

The bulk of Dixon's evidence of Prude's perjury comes from Judge Crocker's case. In addition, Dixon asserts that Prude, in a deposition for this case, lied about having ever submitted fabricated documents to a court—specifically, the documents that are the

subject of Judge Crocker's decision. Dixon argues that district courts commonly dismiss cases for a plaintiff's habitual actions of fraud in other venues. (*See* ECF No. 65 at 5-6, listing cases.)

Dismissing a case is the most severe sanction a court can issue. Prude has already been sanctioned in this manner by having his case in the Western District dismissed. Accepting Judge Crocker's conclusion that Prude submitted fabricated documents in the case before him, it is clear that Prude lied in his deposition in this case about never having submitted fabricated documents to a court. However, that testimony, while serious, does not rise to the level of the conduct relied upon by Judge Crocker in dismissing the case before him. Dismissal of this case is not warranted by the deposition testimony relied upon by Dixon, either standing alone or in conjunction with a consideration of Prude's actions in the case in the Western District. Although a lesser sanction may be justified, Dixon does not suggest one.

**IT IS THEREFORE ORDERED** that Dixon's motion for sanctions (ECF No. 65) is **DENIED**.

Dated in Milwaukee, Wisconsin this 23rd day of October, 2025.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

3